James Kiser HAZEL, Jr.; Chemel Carl Wilson; Charles Mason, Jr.; Roger S. Legette; Willie J. Thompson; Adi Supreme God Allah; Stefen Emira Harris; Carlos Jones; El Shaddai Masada; Tyler Mattress; Antonio Abnathey; Alonzo Harvin, collectively, the Rastafari Congregation, Plaintiffs–Appellants,

and

Johnny Morgan, Plaintiff,

v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; Gary Maynard, Defendants–Appellees.

No. 01–7797.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 27, 2002.

Decided April 23, 2002.

James Kiser Hazel, Jr., Chemel Carl Wilson, Charles Mason, Jr., Roger S. Legette, Willie J. Thompson, Adi Supreme God Allah, Stefen Emira Harris, Carlos Jones, El Shaddai Masada, Tyler Mattress, Antonio Abnathey, Alonzo Harvin, Appellants Pro Se. Terry B. Millar, Terry B. Millar, L.L.C., Rock Hill, South Carolina, for Appellees.

Before WILKINS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

PER CURIAM.

Appellants appeal the district court's order denying their motion for appointment of counsel. We dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed.R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order. *Miller v. Simmons*, 814 F.2d 962, 964–65 (4th Cir.1987).

We deny as moot Appellants' motion to expedite the appeal and dismiss the appeal as interlocutory.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* In addition, we lack jurisdiction to entertain a pleading recently filed by Hazel that relates to the district court's denial of a Rule 60(b) motion in an apparently unrelated habeas proceeding. Hazel asks this Court to restore his appellate rights, send him a copy of the magistrate judge's report, and reassign his case. Because the decision challenged by Hazel was denied on May 2, 2001, we have no authority to consider Hazel's individual request for relief.